70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne GREGG, Defendant-Appellant.
 No. 94-1802.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 Before: LIVELY, RYAN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Wayne Gregg, a federal prisoner, appeals his conviction and sentence imposed following his guilty plea to one count of possessing ephedrine, a listed precursor chemical, with the intent to manufacture methcathinone in violation of 21 U.S.C. Secs. 802(33) and (34), and 841(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gregg was indicted in February 1994 on the count described above and a second count of possessing toluene with the intent to manufacture methcathinone. Following the denial of his motion to suppress evidence, he entered an unconditional plea of guilty to count one. In exchange, the government promised to recommend the dismissal of count 2, not to oppose an offense level reduction for acceptance of responsibility, and to recommend a prison sentence at the low end of the guideline range if the applicable range exceeded 18-24 months. The district court sentenced Gregg on June 29, 1994, to 24 months in prison and three years of supervised release. The judgment was entered on July 5, 1994.
 
 
 3
 Gregg's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although counsel was of the opinion that Gregg had no meritorious issues to appeal, he presented the following for review: (1) the district court erred in denying Gregg's motion to suppress, (2) the district court used the incorrect edition of the U.S. Sentencing Guidelines Manual in imposing sentence, and (3) the yield formula presented by the government and accepted by the district court was inappropriate. Gregg was notified of his right to file a response to counsel's motion and brief; however, none has been received by this court.
 
 
 4
 Upon review, we permit counsel to withdraw because he has filed an acceptable Anders brief submitting, after a review of the entire record, that there are no worthwhile issues to raise in this appeal. We affirm the district court's judgment because the alleged errors identified by counsel are without merit.
 
 
 5
 Counsel first argues that the district court erred in denying Gregg's motion to suppress. However, because Gregg did not enter into a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2), he has waived the right to appeal this issue. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973).
 
 
 6
 He next claims that the district court erred by using the 1993 version of the guidelines manual when Gregg was sentenced in 1994. The guidelines in effect at the time of sentencing are to be applied, unless doing so would cause the defendant to receive a higher sentence than he would if sentenced under the guidelines in effect at the time the crime was committed. USSG Sec. 1B1.11, p.s. However, Gregg was sentenced in June 1994, while the 1993 manual was still in effect. The 1994 version did not take effect until November 1, 1994. There was no error.
 
 
 7
 Finally, counsel claims that the formula used by the district court to determine the yield of methcathinone from the amount of ephedrine possessed by Gregg was incorrect. This issue is irrelevant to the calculation of Gregg's sentence. Gregg was not sentenced according to any potential yield of methcathinone, but according to the amount of the listed precursor chemical ephedrine which was seized from his possession. See USSG Sec. 2D1.11(d)(6).
 
 
 8
 We have reviewed the record for other appealable issues, and have found none. Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on July 5, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.